KATHERINE HART #76715
Attorney at Law
2055 San Joaquin
Fresno, Ca. 93721
Telephone: (559) 256-9800
Facsimile: (559) 256-9798

Attorney for Defendant
JORGE LOPEZ

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F-09-00299-05 LJO |
| Plaintiff, | MOTION TO RECONSIDER SENTENCE PRIOR TO ISSUANCE OF JUDGMENT |
| vs. | Date: October 1, 8:00 a.m.<br>Time: 8:30 a.m.<br>Dept.: LJO |
| JORGE LOPEZ, et al. | |
| Defendant. | |

Defendant, JORGE LOPEZ, through his counsel KATHERINE HART, requests that the court reconsider its sentence of 168 months (Level 35) imposed September 17, 2010. In light of Federal Sentencing Guidelines 2D1.1(a)(5), which states that if a defendant receives an adjustment under § 3B1.2 (Mitigating Role) and the base offense level is 38, the guideline level should be decreased by 4 levels. Neither defendant's counsel nor the court nor the Office of the United States Attorney considered application of 2D1.1(a)(5) in its sentencing calculation.

On Monday, September 27, 2010, United States Probation Officer Tim D.

1

Mechem notified defense counsel KATHERINE HART that in a level 38 case, if a defendant receives a mitigation role adjustment, a defendant automatically is to receive a further 4-level reduction under Federal Sentencing Guidelines § 2D1.1. Mr. Mechem also informed counsel that he would notify the clerk of the court.

On September 17, 2010, this court sentenced defendant JORGE LOPEZ to 168 months in custody based on a drug quantity level of 38, plus 2 levels for possession of a firearm, making a total offense level of 40. The defendant received a three-point deduction for super-acceptance of responsibility (3E1.1) and a two-level deduction for mitigating role (3B1.2(b) Defendant's total level was 35, which is 168 months at the low end of the guidelines.

The time for filing an appeal expires today, 10 days later. However, a judgment has not yet issued. Therefore this motion is being filed within the time for filing a notice of appeal. A timely motion for rehearing or reconsideration of an order in a criminal case delays the running of the 10-day appeal period. *United States v. Ibarra*, 502 U.S. 1, 4-7, 112 S.Ct. 4, 116 L.Ed.2d (1991). In this case, defendant specifically waived his right to appeal; however, for analytical purposes defendant is arguing that a motion filed within the ten-day period for appeals should preserve his right to challenge the originally imposed sentence. Although Federal Rule 35 requires the court to act within 7 days of imposing sentence, defendant argues that because no judgment has been filed, the sentence has not technically been imposed, and that the 7-day period has not run. Therefore, defendant requests that the court reduce the offense level by 4 levels, pursuant to 2D1.1(a)(5) and impose the statutory mandatory minimum of 10 years.

DATED: September 27, 2010    Respectfully submitted,

 /s/ Katherine Hart
KATHERINE HART, Attorney for Jorge Lopez

2