IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JESUS LOPEZ,<br><br>    Defendant.<br>_____/ | CASE NO. CR F 09-0299 LJO<br><br>**ORDER ON DEFENDANT'S EXTENSION MOTION**<br>(Doc. 162.) |

Pursuant to a July 12, 2010 plea agreement, defendant Jesus Lopez ("defendant") agreed to plea guilty to possession with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. On January 14, 2011, this Court sentenced defendant to 188 months imprisonment and 60 months supervised release. Judgment of the sentence was entered on January 21, 2011.

On May 4, 2012, defendant filed papers for an extension to seek relief under 28 U.S.C. § 2255 ("section 2255"). Section 2255(f) sets a one-year limitations period running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>   (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Based on the record and even considering defendant's voluntarily dismissed appeal, the limitations period expired prior to the May 4, 2012 filing of defendant's papers for extension to seek 2255 relief. Defendant points to nothing to postpone running of the limitations period. In fact, defendant's papers indicate that he was aware of the need to seek timely section 2255 relief and attempted to do so. As such, attention turns to whether defendant is entitled to enlarge the time limit to seek section 2255 relief.

F.R.Civ.P. 6(b)(1)(B) addresses extending time for missed deadlines:

>   When an act may or must be done within a specified time, the court may for good cause, extend the time:
>
>   . . .
>
>   (B) on motion after the time has expired if the party failed to act because of excusable neglect.

Defendant fails to demonstrate excusable neglect to permit an extension to seek section 2255 relief. An "extension of a time limitation must be 'for good cause shown.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896, 110 S.Ct. 3177. A postdeadline extension "is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan*, 497 U.S. at 896, 110 S.Ct. 3177. After the time has run to respond, a court may permit a response "where the failure to act was the result of excusable neglect." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (citing F.R.Civ.P. 6(b)(2).

Excusable neglect under F.R.Civ.P. 6(b) requires "a demonstration of good faith by the parties seeking the enlargement . . . [and] a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974); *see McLaughlin*, 662 F.2d at 1387 (denial of request for additional time to oppose summary judgment filed four days late "was not an abuse of discretion"); *Marquee Television Network v. Early*, 713 F.2d 837 (D.C. Cir. 1983). Lack of an acceptable explanation for failure to act earlier warrants denial of F.R.Civ.P. 6(b) relief. *See*

*Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2nd Cir. 1988) (court properly denied extension to object to magistrate judge's findings and recommendations given counsel's knowledge of need to object and despite counsel's absence and attention to other motions and proceedings). Moreover, "inattention or carelessness, such as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005). "[I]nadvertence, ignorance of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392, 113 S.Ct. 1489 (1993).

Defendant fails to demonstrate post-deadline excusable neglect to support an extension, especially given the running of the unambiguous limitations period. Defendant's papers demonstrate his wherewithal to seek information to challenge his sentence. In the absence of an acceptable explanation for failure to act timely, defendant is not entitled to F.R.Civ.P. 6(b) relief.

For the reasons discussed above, this Court DENIES without prejudice an extension to defendant to seek section 2255 relief.

IT IS SO ORDERED.

**Dated:   May 8, 2012**                              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE