**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS LOPEZ,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:09-cr-00299-LJO<br><br>**ORDER ON MOTION FOR RELIEF FROM JUDGMENT AND MISCELLANEOUS MOTIONS**<br>(Docs. 164, 165-169) |

## I. INTRODUCTION

Jesus Lopez ("Mr. Lopez") is a prisoner in federal custody proceeding pro se. Pending before this Court is his FED. R. CIV. P. 60(b)(6) motion for relief from judgment and five miscellaneous motions. For the reasons discussed below, this Court DENIES Mr. Lopez's motions.

## II. BACKGROUND

Mr. Lopez pled guilty to possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. He pled guilty pursuant to a plea agreement in which he waived his right to appeal his conviction and sentence and his right to bring a post-conviction attack. (Doc. 104). The Court sentenced Mr. Lopez to 188 months imprisonment and 60 months of supervised release. (Doc. 148). The judgment was entered on January 21, 2011. (*Id.*). Mr. Lopez filed a timely notice of appeal (Doc. 149) but ultimately chose not to pursue it and filed a motion for voluntary dismissal. The Ninth Circuit granted Mr. Lopez's motion for voluntary dismissal on February 23, 2011. (Doc. 152).

On April 27, 2012, Mr. Lopez filed a motion for extension of time to file a 28 U.S.C. § 2255

motion to vacate, set aside, or correct sentence with this Court.  (Doc. 162).  Mr. Lopez requested the extension in order to obtain his legal records from counsel.  (*Id*.).  On May 8, 2012, this Court denied Mr. Lopez's motion based on its determination that he failed to demonstrate excusable neglect.  (Doc. 163).  On November 26, 2013, Mr. Lopez filed the instant motion in which he seeks relief from this Court's January 21, 2011 judgment pursuant to Rule 60(b)(6).  (Doc. 164).  Mr. Lopez also filed five miscellaneous motions.  (Docs. 165-169).

### III. DISCUSSION

**A. Rule 60(b)(6) Motion**

"Rule 60(b) 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"  *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).  Rule 60(b)(6) is a catchall provision and "permits reopening for any . . . reason that justifies relief other than the more specific reasons set out in Rule 60(b)(1)-(5)."  *Jones*, 733 F.3d at 833 (internal quotation marks omitted).  "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'"  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)).

The Ninth Circuit cautions that the rule should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Harvest*, 531 F.3d at 749.  The timeliness of the motion depends on the facts of each case.  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also* FED. R. CIV. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . .").  "Relief may not be had where the party seeking reconsideration ignored normal legal recourses."  *Alpine Land*, 984 F.2d at 1049 (internal quotation marks omitted).

Mr. Lopez contends that extraordinary circumstances prevented him from challenging this Court's final judgment earlier because he was unable to obtain his legal documents from counsel.  (Doc. 164, p. 27).  Mr. Lopez fails to establish extraordinary circumstances because his failure to

obtain the documents was the result of his own inaction. The exhibits attached to Mr. Lopez's motion for extension of time show that he did not request his documents from counsel until nearly nine months after this Court entered judgment.[1] Then once Mr. Lopez attempted to obtain his documents he spent nearly four months trying to obtain his legal file from an attorney that did not represent him.[2] Accordingly, Mr. Lopez's inability to obtain his legal documents in a timely manner was the result of his own actions. Thus, he fails to show that extraordinary circumstances prevented him from challenging this Court's final judgment earlier.

Mr. Lopez's Rule 60(b)(6) motion for relief from judgment is DENIED.

**B. Disguised § 2255 Motion**

In the alternative, Mr. Lopez's motion could be treated as a disguised § 2255 motion and dismissed as untimely.

The Supreme Court has determined that a Rule 60(b) motion is actually a § 2255 motion if it contains "claim[s]." *Gonzalez*, 545 U.S. at 530. A "claim" in this context is a ground for relief or an attack on the court's resolution of an issue versus an attack on a "defect in the integrity of the . . . proceeding []." *Id*. at 532.

In Mr. Lopez's Rule 60(b) motion he contends that: (1) he received ineffective assistance of counsel when counsel advised him to enter into the plea agreement; (2) he received ineffective assistance of counsel when counsel failed to prepare adequately for the sentencing hearing; (3) the waiver of his right to collaterally attack his sentence was unknowing and involuntary; (4) his sentence violates the parsimony principle of 18 U.S.C. § 3553(a) and is unreasonable; and (5) his guidelines calculation was based upon an inflated drug quantity. All five of Mr. Lopez's contentions are classic § 2255 claims. Each raises a new ground for relief versus a defect in the integrity of the proceeding. Accordingly, Mr. Lopez's pleading, although labeled as a Rule 60(b) motion, is in substance a § 2255 motion.

---

[1] The judgment was entered on January 21, 2011. (Doc. 148). Mr. Lopez did not request his documents from counsel until October 20, 2011. (Doc. 162, p. 6).

[2] When Mr. Lopez encountered trouble obtaining his documents he wrote to the State Bar of California. On February 13, 2012, the State Bar informed Mr. Lopez that he was attempting to obtain his documents from the wrong attorney and provided him with the name and address of the attorney that actually represented him. (Doc. 162, p. 20).

Under AEDPA,[3] federal prisoners have one year to file a § 2255 motion. *See* 28 U.S.C. § 2255(f). The limitation period usually runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[4] "The Supreme Court has held that a conviction is final in the context of habeas review when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (internal quotation marks omitted).

Mr. Lopez filed an appeal which he voluntarily dismissed. His motion for voluntary dismissal was granted on February 23, 2011. (Doc. 152). Even if the Court adds 90 days to this date, which is the amount of time Mr. Lopez would have to file a petition for a writ of certiorari, *see* Sup. Ct. Rule 13.1, Mr. Lopez's judgment of conviction would have become final on May 24, 2011. That would have given him until May 24, 2012 to file a § 2255 motion. Mr. Lopez filed the instant motion on November 26, 2013, (Doc. 164, p. 14), six months after the expiration of the one year statute of limitations. Therefore, even if this Court construes Mr. Lopez's Rule 60(b)(6) motion as a § 2255 motion, the motion is untimely.

**C. Evidentiary Hearing**

Mr. Lopez's request for an evidentiary hearing (Doc. 164, p. 30) is DENIED. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) ("The district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief.").

**D. Miscellaneous Motions**

On November 26, 2013, Mr. Lopez filed five miscellaneous motions. (Docs. 165-169). This Court DENIES the motions as moot in light of this order.

**E. Certificate of Appealability**

This Court finds that Mr. Lopez has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not find this Court's assessment of this case debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

[4] Mr. Lopez does not allege any facts, nor can this Court think of any, that compel consideration of 28 U.S.C. § 2255(f)(2)-(4).

4

(2000). Accordingly, this Court DECLINES to issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Mr. Lopez's Rule 60(b)(6) motion for relief from judgment;
2. In the alternative, CONSTRUES Mr. Lopez's Rule 60(b)(6) motion as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and DISMISSES the motion as untimely;
3. DENIES Mr. Lopez's request for an evidentiary hearing;
4. DENIES Mr. Lopez's miscellaneous motions (Docs. 165-169); and
5. DECLINES to issue a certificate of appealability.
6. The Clerk is directed to close case no. 1:13-cv-01975-LJO.

IT IS SO ORDERED.

Dated: **December 10, 2013**                    /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE