IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>                          v.<br><br>JESUS REYES LOPEZ,<br><br>                          Defendant. | CASE NO. 1:09-CR-00299 LJO<br><br>ORDER GRANTING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) (Doc. 178) AND DENYING MOTION TO DISMISS (Doc. 181). |

Jesus Reyes Lopez ("Defendant") filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. Doc. 181. The Government did not oppose the motion, however, they dispute the new applicable sentencing range. The Court hereby grants Defendant's motion for resentencing. Defendant also filed a motion to dismiss the indictment, conviction and sentence for lack of subject matter jurisdiction.[1] Doc. 181. This motion is denied.

---

[1] Defendant argues that the federal government lacked subject matter jurisdiction because at the time of his arrest he was standing on private property. Defendant does not cite any applicable statutes that support his theory. "In every federal criminal prosecution, subject matter jurisdiction is conferred by 18 U.S.C. § 3231. That section provides that '[t]he district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States.'" *United States v. Ratigan*, 351 F. 3d 957, 962 (9th Cir. 2003). Defendant violated 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) and 18 U.S.C. § 2, the federal law that prohibits the possession of "ice." Furthermore, any post-conviction attack on a conviction or sentence must be raised on direct appeal or a motion pursuant to 28 U.S.C. § 2255. *Massaro V. United States,* 538 U.S. 500, 504 (2003). In paragraph 3(f) of his plea agreement, Defendant waived his right to attack his conviction and sentence. Doc. 79.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

On January 14, 2011, this Court sentenced the defendant to a term of 188 months in in prison. Due to the amount of "ice" in Defendant's possession, 3.06 kilograms, Defendant's base offense level was judged to be 38. Defendant received a three level reduction for acceptance of responsibility. Although the Government argued that Defendant's criminal history category was III, the Court determined a criminal history score of III was an over-representation of Defendant's actual criminal history and ruled that Defendant should be sentenced with a criminal history score of II. Upon reviewing the recommended criminal history score, the Court stated "that based on the ten year crime, [and] that based on the criminal history category, it does appear as though it is overrepresentation. Therefore, the applicable offense level is 35. Criminal History Category is II. Guideline range is 188 to 235." *Sentencing Transcript*, Doc. 147.

The sentencing range applicable to the defendant was subsequently lowered by the United States Sentencing Commission in Amendment 782, made retroactive on July 18, 2014, *see* 79 Fed. Reg. 44,973, with an effective date of any such reduction as of November 1, 2015. Defendant's total offense level has been lowered from 35 to 33, and this amended guideline range is 151-188 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed on January 14, 2011, reflected in the judgment dated January 21, 2011, is reduced to a term of 151 months, effective as of November 1, 2015.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, an effective date of the amended judgment as November 1, 2015, and shall serve certified

copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, the defendant shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **July 6, 2015**                             /s/ Lawrence J. O'Neill
                                                                   UNITED STATES DISTRICT JUDGE