# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JESUS REYES LOPEZ,<br><br>  Defendant. | Case No. 1:09-CR-000299-LJO<br><br>MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.<br><br>(Doc. 198) |

The instant matter stems from the Court's Order (Doc. 197), rendered July 6, 2015, granting Defendant Jesus Reyes Lopez's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2). Alleging legal error, the Government presently asks the Court to reconsider the term of imprisonment imposed. *See* Doc. 198.

A court generally may not correct or modify a prison sentence once it has been imposed. *See, e.g., United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). Under Federal Rule of Criminal Procedure 36, a court may reconsider and correct a clerical mistake, "but [the rule] may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). Otherwise, "Rule 35 is generally the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals." *See United States v. Hovsepian,* 307 F.3d 922, 927 (9th Cir. 2002); 18 U.S.C. § 3582(c)(1)(B) (a court may modify such a sentence only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."); *see* Fed.R.Crim.P. 35. Federal Rule of Criminal Procedure 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The district court lacks jurisdiction to modify a sentence if it does not act within the 14 day period set forth in Rule 35(a). *See United States v. JDT*, 762 F.3d 984, 1006 (9th Cir. 2014) (citing *United States v. Aguilar-Reyes*, 653 F.3d

1053, 1055 (9th Cir. 2011); *Penna*, 319 F.3d at 512 (If a district court does not correct a sentence within the period proscribed by Rule 35, the court "*loses its jurisdiction to modify the sentence.*") (emphasis in original)).

Here, clerical error is not implicated. *See* Fed.R.Crim.P. 36. The Court finds that it imposed Defendant's new term of imprisonment on July 6, 2015, and more than fourteen days have since elapsed. *See* Fed.R.Crim.P. 35. The Government does not otherwise cite to a statutory basis for jurisdiction. For the foregoing reasons, the Court concludes that it lacks jurisdiction to reconsider the sentence and therefore does not reach the merits of the motion. Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 27, 2015**              **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE